DECISION.
Defendant-appellant, Jerbein Mejia, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of the following offenses: possession of cocaine in an amount exceeding one hundred grams but not exceeding five hundred grams, in violation of R.C. 2925.11(A), as charged in count one of the indictment; three counts of preparation of cocaine for sale in an amount exceeding five grams, in violation of R.C.2925.07(A) (counts two, five and seven); trafficking in cocaine in an amount exceeding five hundred grams but not exceeding 1000 grams, in violation of R.C. 2925.03(A) (count three); possession of cocaine in an amount exceeding five hundred grams but not exceeding 1000 grams, in violation of R.C. 2925.11(A) (count four); and possession of cocaine in an amount exceeding 1000 grams, in violation of R.C. 2925.11(A) (count six). Mejia was convicted of the offenses following a jury trial.
The evidence at trial indicated that, on August 19, 1999, a confidential informant purchased 27.04 grams of cocaine from Dennis Mikolay. Following his arrest, Mikolay informed the police that his supplier was Mejia. He told officers that he had purchased fifteen ounces of cocaine from Mejia on August 16, 1999. Mikolay stated that he had been regularly selling cocaine for Mejia for at least six months prior to his August arrest. After securing a search warrant, officers recovered a total of 466.1 grams of cocaine from a safe in Mikolay's residence.
Agent Jay Gramke then arranged for Mikolay to buy an additional twenty ounces of cocaine from Mejia at Mikolay's residence. The purchase was negotiated on a cellular phone, and the conversation was tape-recorded. Mikolay and Mejia arranged for the drug transaction to occur at 9:00 p.m. later that day. During the conversation, Mikolay referred to the quantity of cocaine that he had purchased on August 16.
The officers maintained surveillance of two residences in Butler County: Mejia's residence on Aster Park and another apartment in the same complex, at 5364 Blossom. The officers observed Mejia and Nicolas Pena leave the Aster Park apartment and enter the apartment at 5364 Blossom. After a short time, Mejia and Pedro Polanco left the apartment complex in a gold Honda Accord. Soon after Mejia and Polanco departed, Pena left the 5364 Blossom apartment carrying a bag and got into a white pickup truck.
The officers followed Mejia and Polanco from Butler County to a location near Mikolay's house in Green Township, Hamilton County. The officers stopped the Accord occupied by Mejia and Polanco and, a short time later, in the same location, stopped the pickup truck driven by Pena. They found approximately 563 grams of cocaine in the truck, but no contraband in the automobile. Both Mejia and Pena were found in possession of Mikolay's telephone and pager numbers.
A consensual search of Mejia's residence at 5310 Aster Park uncovered an airline baggage ticket from the Dominican Republic to New York and a paper that, according to investigating officers, documented drug transactions. A search of the 5364 Blossom residence revealed 1397.2 grams of cocaine, approximately $30,000 in cash, scales, plastic bags, a quantity of non-cocaine powder,[1] and a number of papers reflecting drug transactions. The names on those papers matched the names listed on the paper found in Mejia's Aster Park residence. Mejia's fingerprints were found on one of the papers recovered from the Blossom apartment.
The defense presented the testimony of Polanco, who stated that he was unaware of any drug activity that had occurred on the day when he and Mejia were arrested. The jury found Mejia guilty on all counts, and this appeal followed.
In his first and third assignments of error, Mejia challenges, respectively, the weight and the sufficiency of the evidence used to support his conviction on count one of the indictment, which related to the possession of the cocaine that was recovered from the safe in Mikolay's residence. We address the two assignments of error together.
To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2] In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]
Mejia argues that the trial court erred by convicting him of possession because, with the evidence viewed in a light most favorable to the state, he had sold the cocaine to Mikolay several days prior to the date alleged in count one. We are not persuaded by this argument. Ordinarily, precise times and dates are not essential elements of offenses.[4] The indictment, in conjunction with the discovery materials, clearly indicated that Mejia was being charged with possession of the quantity of cocaine that was ultimately recovered from Mikolay's house, and any imprecision as to time was not prejudicial to Mejia's defense. The testimony of Mikolay indicated that Mejia had very recently been in possession of the quantity of cocaine recovered from his residence, thus providing a basis upon which the jury could have found him guilty as a principal offender. Moreover, the jury could have concluded that Mejia had aided and abetted Mikolay in possessing the cocaine, in furtherance of an ongoing drug-trafficking operation. Mikolay's testimony revealed that he and Mejia had been involved in a regular pattern of selling cocaine for at least six months, and that the quantity of cocaine found in Mikolay's basement was part of the inventory of their operation. Under these circumstances, we cannot say that the verdict of guilty was contrary to the weight of the evidence or based upon insufficient evidence. Accordingly, the first and third assignments of error are overruled.
In his second and fourth assignments of error, Mejia urges that his conviction for preparing cocaine for sale, as alleged in the second count of the indictment, was likewise against the weight of the evidence and based upon insufficient evidence. The second count of the indictment again related to the cocaine recovered from Mikolay's residence. Mejia argues that it was Mikolay who had physically prepared the cocaine for further distribution. Again, we are not persuaded by this argument.
R.C. 2925.07(A), governing the preparation of drugs for sale, provides that "[n]o person shall knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance when the person intends to sell or resell the controlled substance orwhen the person knows or has reasonable cause to believe that anotherperson intends to sell or resell the controlled substance." (Emphasis added.) Mikolay testified that, for approximately six months, he had been buying quantities of cocaine from Mejia for the purpose of reselling it. The evidence indicated that, even if Mejia did not have firsthand knowledge that Mikolay was selling the cocaine to others, the amount of cocaine purchased by Mikolay, and the regularity with which he purchased it, gave Mejia reasonable cause to believe that Mikolay was engaged in trafficking. Mejia's conviction for the offense was therefore in accordance with the evidence, and we overrule the second and fourth assignments of error.
In his sixth and seventh assignments of error, Mejia also challenges the weight and the sufficiency of the evidence used to support his conviction for preparation of cocaine for sale, as alleged in count seven of the indictment. Count seven related to the cocaine that was recovered from the 5364 Blossom address. These assignments are also without merit.
Again, R.C. 2925.07(A) prohibits a person from engaging in the preparation of a controlled substance for distribution when that person intends to sell or resell that substance. In the instant case, there was ample evidence that Mejia had prepared the cocaine at the Blossom address for sale. Shortly after Mikolay arranged for the purchase of twenty ounces from Mejia, Mejia was observed first entering the address, and then leaving and driving in the direction of Mikolay's house. And although the cocaine was recovered from Pena and not Mejia, there was substantial evidence linking Mejia to the residence and to the cocaine and the related paraphernalia. In addition to the showing that Mejia had entered the residence shortly after receiving the call from Mikolay, the state presented evidence that Mejia's fingerprints were found on the notebook in the apartment. Moreover, the records recovered from Mejia's Aster Park address closely matched those found at 5364 Blossom. Finally, the testimony of Mikolay that Mejia was the leader of the drug operation tended to establish that he oversaw and participated in the preparation of the cocaine found at the Blossom address. The state thus presented ample evidence that Mejia had participated in the preparation of the cocaine for distribution, and we cannot say that the jury lost its way in convicting him of the offense. The sixth and seventh assignments of error are accordingly overruled.
In his fifth, eighth and ninth assignments of error, Mejia argues that he was deprived of a fair trial by the misconduct of the assistant prosecuting attorney. Because these assignments of error raise similar issues, we address them together.
The conduct of a prosecuting attorney generally will not be grounds for reversal unless that conduct deprives a defendant of a fair trial.[5]
A reviewing court thus focuses on whether the prosecutor's conduct was improper, and, if so, whether the accused was denied a fair trial.[6]
Also, in the instant case, Mejia failed to object to any of the alleged instances of misconduct, and we therefore review the issues under a plain-error standard of review. To reverse a conviction based upon plain error, we must conclude that "but for the error, the outcome of the trial clearly would have been otherwise."[7]
Mejia first argues that the prosecutor impermissibly shifted the burden of proof as to the issue of identity. We disagree. During opening statement, Mejia's trial counsel told the jury that the evidence would demonstrate that when the authorities recorded the telephone drug transaction between Mikolay and another person, that person was not Mejia. Then, during closing argument, the assistant prosecutor recounted that there was no evidence challenging Mikolay's assertion that he was speaking to Mejia. Because the prosecutor's statements were fair comments on the state of the evidence adduced at trial, and because Mejia's counsel had in effect invited comment on the issue in question, we find no impropriety in the prosecutor's remarks.
Mejia next alleges that the assistant prosecutor engaged in misconduct by eliciting testimony from Agent Gramke concerning the standard practices of cocaine dealers and the hierarchy of dealers on a local level. The assignment is without merit. As we have held in previous cases, a qualified police officer may testify as to the general practices of drug traffickers to demonstrate that the defendant's conduct was consistent with those practices or customs.[8] Gramke's testimony in the case at bar did not go beyond permissible bounds. Gramke testified as to his extensive experience in investigating cocaine-trafficking operations and explained how the operation in the case at bar was consistent with those he had investigated in the past. We find no impropriety in the prosecutor eliciting that testimony. Moreover, we find no merit in Mejia's suggestion that the contested testimony was a central part of the state's case against him. Ample evidence in the record other than the challenged testimony pointed to Mejia's guilt, and, in the context of the entire proceedings, the challenged testimony was inconsequential.
Mejia also contends that the assistant prosecuting attorney engaged in misconduct by vouching for Mikolay's testimony. We disagree. In his closing argument, Mejia's trial counsel stated that he would not believe a word that Mikolay had said because of Mikolay's involvement with drugs, and because of his motivation to lie to secure a lesser sentence for himself. In response, the prosecutor merely emphasized the consistencies in Mikolay's testimony and stated that, based upon those consistencies, it was unlikely that his testimony had been fabricated. These were proper comments on the state of the evidence adduced at trial, and we again find no impropriety.
Having found no improper conduct on the part of the assistant prosecuting attorney, we necessarily hold that there was no plain error that deprived Mejia of a fair trial. The fifth, eighth, and ninth assignments of error are therefore overruled.
In his tenth and final assignment of error, Mejia contends that he was denied the effective assistance of trial counsel. The assignment is without merit. To establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation, and, in addition, that prejudice arose from counsel's performance.[9]
Mejia first states that trial counsel was ineffective in failing to object to the inclusion of counts one and two in the indictment and in failing to object to the remarks of the prosecutor. As we have already rejected Mejia's assignments of error with respect to those issues, we find no deficiency in counsel's failure to advance the same arguments.
Mejia also argues that counsel was ineffective in cross-examining Mikolay. In this regard, Mejia fails to specify how counsel was deficient, and we have found no deficiencies in our review of the trial transcript. Counsel aggressively examined Mikolay, emphasizing inconsistencies in his testimony, as well as the fact that Mikolay had not come forward with his statement to the police until his arrest on related drug charges. We therefore hold that Mejia has failed to demonstrate that he was denied the effective assistance of trial counsel, and the tenth assignment of error is overruled.
The judgment of the court of common pleas is, accordingly, affirmed.
Hildebrandt, P.J., Doan and Winkler, JJ.
[1] The evidence indicated that non-cocaine powder is customarily used to dilute, or "cut," cocaine to increase profits from the sale of the drug.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
[3] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[4] State v. Sellards (1985), 17 Ohio St.3d 169, 171, 478 N.E.2d 781,784.
[5] State v. Apanovitch (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394,400.
[6] State v. Lott (1990), 51 Ohio St.3d 160, 165, 555 N.E.2d 293,300.
[7] State v. Long (1978), 53 Ohio St.2d 91, 97, 372 N.E.2d 804,808.
[8] See State v. Armstrong (June 10, 1992), Hamilton App. No. C-910637, unreported; State v. Wood (Apr. 29, 1992), Hamilton App. No. C-910529, unreported.
[9] Strickland v. Washington (1984), 466 U.S. 668, 686,104 S.Ct. 2052, 2064; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.